# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| **GEOFFREY BOHANON,** | Case No.: |
| **PLAINTIFF,** | |
| vs. | **COMPLAINT** |
| **EQUIFAX INFORAMATION SERVICES, LLC,** a Georgia limited liability company, | **JURY TRIAL DEMAND** |
| **TRANS UNION, LLC,** a foreign limited liability company, and | |
| **BARCLAYS BANK DELAWARE,** a foreign corporation, | |
| **DEFENDANTS.** | |

NOW COMES THE PLAINTIFF, GEOFFREY BOHANON, BY AND THROUGH COUNSEL, MICHAEL B. HALLA, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. Venue is proper in the Eastern District of Texas, Sherman Division, as the Defendants conduct business in the State of Texas.

## PARTIES

4. Plaintiff is a natural person residing in City of McKinney, Collin County, Texas.

5. The Defendants to this lawsuit are:

    a. Equifax Information Services, Inc. ("Equifax"), is a Georgia limited liability company that conducts business in the State of Texas;

    b. Trans Union, LLC ("Trans Union"), is a foreign limited liability company that conducts business in the State of Texas; and

    c. Barclays Bank Delaware ("Barclays Bank") is a foreign corporation that conducts business in the State of Texas.

## GENERAL ALLEGATIONS

6. On August 7, 2015, Plaintiff filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Eastern District of Texas.

7. On November 4, 2015, Plaintiff received an Order of Discharge from the Bankruptcy Court.

8. On October 21, 2020, Plaintiff obtained his Equifax and Trans Union credit disclosures and noticed Barclays Bank inaccurately reporting its tradeline ""Errant Tradeline") with an incorrect status along with a duplicate tradeline.

9. The tradeline is inaccurately reporting a status of "Included in Chapter 13 Bankruptcy" on Plaintiff's Equifax and Trans Union credit disclosures.

10. Barclays Bank is also improperly reporting a duplicate tradeline for the same account opened in August 2013 on Plaintiff's Equifax credit disclosure. ("Duplicate Tradeline")

11. The account reflected by the Errant Tradeline was included and discharged in Plaintiff's Chapter 7 Bankruptcy case.

12. The account reflected by the Duplicate Tradeline is inaccurate as Plaintiff only has one Barclays Bank account.

13. The Errant Tradeline should be reported as discharged in Chapter 7 bankruptcy and the Duplicate Tradeline must be removed as Plaintiff only has one account with Barclays Bank.

14. On December 28, 2020, Plaintiff, through its attorney of record, Credit Repair Lawyers of America, submitted a letter to Equifax and Trans Union, disputing the Errant Tradeline and the Duplicate Tradeline.

15. In his dispute letter, Plaintiff explained the account reflected by the Errant Tradeline was discharged in his Chapter 7 Bankruptcy case. He attached the

Order of Discharge confirming same.  He also explained that he only has one Barclays Bank account.  Plaintiff asked Equifax and Trans Union to report the Errant Tradeline as discharged in Chapter 7 bankruptcy and he also asked Equifax to remove the Duplicate Tradeline.

16. Equifax and Trans Union forwarded Plaintiff's consumer dispute to Barclays Bank.

17. Barclays Bank received Plaintiff's consumer dispute from Equifax and Trans Union.

18. In response to Plaintiff's dispute, Barclays Bank verified to Equifax and Trans Union that its reporting of the Errant Tradeline and Duplicate Tradeline was accurate.

19. On February 26, 2021, Plaintiff obtained his Equifax and Trans Union credit disclosures, which showed that that Equifax, Trans Union, and Barclays Bank failed or refused to report the Errant Tradeline as discharged in Chapter 7 bankruptcy and that Equifax and Barclays Bank failed or refused to remove the Duplicate Tradeline.

20. The Errant Tradeline and Duplicate Tradeline are hampering and severely limiting Plaintiff's credit opportunities to obtain jobs, employment, housing and to meet his ordinary day-to-day expenses.

21. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, ("FCRA"), Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in his credit file or improve his financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS BANK

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Equifax and Trans Union of Plaintiff's consumer dispute of the Errant Tradeline, Barclays Bank negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

24. Barclays Bank negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Equifax and Trans Union to correct the Errant Tradeline and Equifax to remove the Duplicate Tradeline.

25. The Errant Tradeline and Duplicate Tradeline are inaccurate and creating a misleading impression on Plaintiff's consumer credit files with Equifax and Trans Union to which it is reporting such tradelines.

26. As a direct and proximate cause of Barclays Bank's negligent failure to perform its duties under the FCRA, to correct the Errant Tradeline and Duplicate Tradeline, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. Barclays Bank is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

28. Plaintiff has a private right of action to assert claims against Barclays Bank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Barclays Bank for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BARCLAYS BANK**

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. After being informed by Equifax and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Barclays Bank willfully failed

to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Equifax and Trans Union to correct the Errant Tradeline and Equifax to remove the Duplicate Tradeline.

31. Barclays Bank willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

32. As a direct and proximate cause of Barclays Bank willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

33. Barclays Bank is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against the Defendant Barclays Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

36. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

37. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

38. After receiving Plaintiff's consumer dispute to the Errant Tradeline and Duplicate Tradeline, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

    **WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

43. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

44. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

45. After receiving Plaintiff's consumer dispute to the Errant Tradeline and Duplicate Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

47. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, or otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

50. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

51. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

52. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

55. Plaintiff realleges the above paragraphs as if recited verbatim.

56. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

57. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

58. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to

one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

59. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

60. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

61. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: April 28, 2021

By: */s/ Michael B. Halla*
Michael B. Halla, Esq.

Attorney at Law
Texas State Bar No. 00793128
187 Rolling Court,
Lancaster, Texas 75146
Telephone: (469) 518.0872
Facsimile: (214) 540.9333
email: mhalla@hallalawfirm.com
*Attorneys for Plaintiff,*
*Geoffrey Bohanon*